**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
**ROXANNE KNAUDT**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **ROXANNE KNAUDT,**<br><br>           Plaintiff,<br><br>    vs.<br><br>**UNION ADJUSTMENT CO., INC., and DOES 1 – 10, inclusive.**<br><br>           **Defendant(s).** | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]**<br>**2. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br>**3. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br>**4. VIOLATIONS OF THE CALFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [Cal. Civ. Code § 1785.25(a)]** |

## INTRODUCTION

1. ROXANNE KNAUDT ("Plaintiff") brings this action to secure redress from UNION ADJUSTMENT CO., INC. ("Defendant") for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiff also brings this action to secure redress from Defendant for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.25(a).

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Glendale, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Burbank, California. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.

Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

9. Within one year prior to the filing of this action, Defendant repeatedly and continuously called Plaintiff at cellular telephone number (818) 913-2853 for the purpose of collecting an alleged debt.

10. Within one year prior to the commencement of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

11. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

12. When Defendant called Plaintiff, Defendant falsely stated that an alleged debt was past due and owing and that Plaintiff needed to pay Defendant. In fact, the debt which Defendant attempted to collect from Plaintiff were for medical services rendered on a lien basis. In so doing, Defendant misrepresented the character, amount, or legal status of the debt and engaged in false and deceptive means in an attempt to collect a debt.

13. Defendant attempted to collect a debt from Plaintiff that was not legally owed.

14. Defendant is falsely and inaccurately reporting a deficiency balance as due and owing on Plaintiff's credit report.

15. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

16. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

17. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

18. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

19. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

20. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff.

21. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

22. Defendant is not a tax exempt nonprofit organization.

23. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

### FIRST CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

26. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

27. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b) Defendant violated 15 U.S.C. §1692d(5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(c) Defendant violated 15 U.S.C. §1692e(2)(a) by falsely representing the character, amount and legal status of the alleged debt;

(d) Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e) Defendant violated 15 U.S.C. §1692f use unfair or unconscionable means to collect or attempt to collect any debt.

30. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

- 6 -

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

### (Violation of the RFDCPA, CAL. CIV. CODE § 1788)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

34. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

# FOURTH CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.25(a))**

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. California *Civil Code* § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

38. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

39. Based on these violations of *Civil Code* § 1785.25(a), Plaintiff is entitled to the remedies afforded by *Civil Code* § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, and/or punitive damages in an amount that the Court may allow pursuant to *Civil Code* § 1785.31(c) and for each violation as the Court deems proper.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

  (c) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

  (d) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

  (e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

  (f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

  (g) An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1);

  (h) An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);

  (i) An award of punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper; pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

  (j) Punitive damages in an amount that the Court may allow pursuant to Cal. Civ. Code § 1785.31(c);

  (k) Injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

  (l) Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(d);

  (m) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

  (n) For such other and further relief as the Court may deem just and proper.

//
//
//

1 //
2 //
3 //

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

                         RESPECTFULLY SUBMITTED,

Dated: January 12, 2016        **MARTIN & BONTRAGER, APC**

                         By: /s/ G. Thomas Martin, III

                            G. Thomas Martin, III
                            *Attorney for Plaintiff*

COMPLAINT FOR DAMAGES